# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 50207 | **DATE** | 10/18/2004 |
| **CASE TITLE** | United States vs. Kennedy | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due _____. Reply to answer brief due _____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the reverse memorandum opinion and order, the court grants Kennedy's motion to expand the record, denies Kennedy's request for an evidentiary hearing, grants the government's motion to dismiss the § 2255 motion, and dismisses this cause in its entirety.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | 10-19-04 date docketed | 24 |
| | Notified counsel by telephone. | | |
| | Docketing to mail notices. | docketing deputy initials | |
| ✓ | Mail AO 450 form. | | |
| ✓ | Copy to judge/magistrate judge. | 10-18-04 date mailed notice | |
| LC | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials |

# MEMORANDUM OPINION AND ORDER

Kevin J. Kennedy, a federal prisoner, filed a pro se motion under 28 U.S.C. § 2255, challenging his sentence which followed his guilty plea pursuant to a written plea agreement. The government filed a motion to dismiss the §2255 motion as well as a motion to resentence. Kennedy, now represented by the Federal Defender, has filed a response to the government's motion, including a request for an evidentiary hearing.

Because Kennedy's written plea agreement contains an express waiver of his right to file a §2255 challenge to his sentence, the threshold, and potentially dispositive, issue, is whether Kennedy has adequately alleged that the waiver was either involuntary and unknowing, or was the result of ineffective assistance of counsel. See Mason v. United States, 211 F. 3d 1065 (7th Cir. 2000). In that regard, the government concedes in its reply that Kennedy has "alleged that his counsel was ineffective in the negotiation of the waiver," thus, this court need only determine if such an allegation is supported by the record.

A defendant who, as part of a written plea agreement, expressly waives his right to file a §2255 motion challenging his sentence may only file such a motion if he can demonstrate that the §2255 waiver was either unknowing and involuntary or the result of ineffective assistance of counsel. Mason, 211 F. 3d at 1069. As to any ineffectiveness related to the waiver, the Mason court emphasized that the right to file a §2255 challenge "survives only with respect to those discreet claims which relate directly to the negotiation of the waiver." Mason, 211 F. 3d at 1069, citing Jones v. United States, 167 F. 3d 1142, 1145 (7th Cir. 1999).

In this case, Kennedy's assertion of ineffectiveness, conceded by the government to be directly related to the negotiation of the waiver, fails to provide any basis to set aside the waiver. In this regard, he contends that counsel was ineffective in advising him that the maximum sentence was 10 years and that he could later contest the drug quantity that he had agreed to in the plea agreement.

These assertions falter in the face of what occurred in this case. The record of the Rule 11 colloquy shows that this court advised Kennedy at that time that he faced a potential sentencing range of 235 to 292 months, which Kennedy stated he understood. He further stated that he both read and reviewed with his attorney the plea agreement. Kennedy also stated that he was satisfied with his counsel's advice related to the plea agreement. Further, he stated that he voluntarily agreed to a particular amount of methamphetamine. Finally, Kennedy stated he understood that he was giving up his right to bring a §2255 motion and that in return the government was agreeing to forego seeking a two-level enhancement. All of these facts reflect that Kennedy received the effective assistance of counsel related to the §2255 waiver.

In an apparent effort to refute this conclusion, Kennedy submitted, pro se, the affidavits of his wife and mother, along with a motion to expand the record to include those two affidavits. Although this court ordered the government to "respond to [this motion] with its response to the §2255 motion," it has not done so. Kennedy's counsel, in his response to the government's motion to dismiss, expressly incorporates the two affidavits.

The court grants Kennedy's motion to expand the record and will allow the two affidavits. Having considered both affidavits, the court finds they do not raise a question of fact or justify an evidentiary hearing as it relates to the issue of the validity of the §2255 waiver. While both affidavits are replete with generalized complaints about Attorney Robertson's representation of Kennedy, they are devoid of any specific instances of ineffectiveness as it directly relates to the §2255 waiver. Kennedy has submitted no evidence to refute the court's conclusion that his waiver was not the result of ineffective assistance of counsel.

For the foregoing reasons, the court grants Kennedy's motion to expand the record, denies Kennedy's request for an evidentiary hearing, and grants the motion to dismiss the §2255 motion. The government is to either move to withdraw its motion to resentence or advise the court if it wishes to proceed with that motion within seven days.